67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David CORBIN, Plaintiff-Appellant,
v.
The DURANGO & SILVERTON NARROW GAUGE RAILROAD COMPANY,
Defendant-Appellee.
 No. 94-1303.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and BALDOCK, Circuit Judges.
 
 
 1
 This is an appeal from an order granting summary judgment for the defendant in an action under the Federal Employers' Liability Act (FELA). Judgment was grounded upon an absence of subject matter jurisdiction. We affirm.
 
 
 2
 The facts of this case are known to the parties and will not be reiterated here. Yet, two salient facts must be underscored. First, the written judgment order of the district court pointed out, despite the court's earlier bench ruling, its final disposition was based upon all the circumstances outlined in the briefs of the parties and the "entire" file in the case. Second, it is uncontested defendant's rail line is wholly within the State of Colorado, unconnected to any interstate line, and its commerce originates and terminates within that state.
 
 
 3
 Although plaintiff takes issue with the district court's special rules on summary judgment, that matter is moot. Despite the court's statements from the bench, we perceive that it examined all documents submitted by plaintiff prior to ruling upon the motion for summary judgment.
 
 
 4
 On the merits, it is evident plaintiff confuses several concepts in attempting to show defendant Durango & Silverton Narrow Gauge Railroad "engag[es] in commerce between any of the several States or Territories." That showing is made a jurisdictional predicate to the imposition of FELA by 45 U.S.C. 51. What plaintiff misperceives is that jurisdiction is not satisfied merely because a common carrier by railroad "affects" interstate commerce, Zaritz v. Manitou & Pikes Peak Ry. Co., 604 F.2d 652, 657 (10th Cir.1979), or is a common carrier. The key to FELA jurisdiction is "engaging in" interstate commerce. That means the carrier must connect to the interstate rail system. Magner-O'Hara Scenic Ry. v. Interstate Commerce Commission, 692 F.2d 441, 445 (6th Cir.1982). In this case, the defendant railroad has no such connection.
 
 
 5
 Although plaintiff attempts to distinguish Zaritz by arguing D & SNG carries freight as well as passengers, we are not persuaded. Both passengers and freight are commerce; whether the cargo is human or inanimate is irrelevant. At most, carrying freight is evidence a railroad may "affect interstate commerce," but it is not proof it engages in that business. Therefore, this case and Zaritz are indistinguishable.
 
 
 6
 Finally, plaintiff seems to contend because Colorado law provides him no recourse to recover for his injury, there must be a federal right to recover. That contention is unavailing because of the reservation of powers in the Tenth Amendment. As a consequence, plaintiff's case before the Colorado Department of Labor and Employment is wholly irrelevant.
 
 
 7
 Once again, we note defendant's status as a common carrier is only part of the equation upon which jurisdiction is founded. Without engaging in the business of interstate commerce to pair with its common carrier status, defendant is unaffected by FELA, and plaintiff is without a remedy under that statute.
 
 
 8
 The motion to take judicial notice is DENIED. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470